LOLLEY, J.
Imperial Fire and Casualty Insurance Company (“Imperial”) appeals the judgment of the First Judicial District Court, Parish of Caddo, State of Louisiana, wherein the trial court ruled in favor of Gabrielle Daniels, Allariet Howard, and Maryta Hullaby (the “plaintiffs”). The plaintiffs have answered the appeal relative to the trial court’s denial of their claim for penalties and attorney’s fees. For the following reasons, we affirm the trial court’s judgment.
FACTS
On October 4, 2009, the plaintiffs were riding as passengers in a vehicle owned and operated by Andrea Williams when the vehicle was struck from behind by an unknown driver who fled the scene. The plaintiffs sustained injuries as a result of the accident. Williams had uninsured motorist coverage from Imperial with whom the plaintiffs filed a claim. Imperial denied coverage to the plaintiffs claiming they did not meet the definition of “insured persons” under the uninsured motorist (“UM”) portion of the policy.
The plaintiffs filed suit alleging their entitlement to coverage under Williams’ policy. First, Imperial filed a peremptory exception of nonjoinder of a party seeking to make Williams (the named insured) a party to the action. The trial court granted the peremptory exception; however, the exception was reversed by this Court following writ application by the plaintiffs. Next, Imperial filed a motion for summary judgment concerning the issue of coverage which the trial court denied. Both this Court and the Louisiana Supreme Court denied Imperial’s supervisory writ applications. The claim proceeded to trial, after which the trial court ruled in favor of the plaintiffs finding that they were entitled to coverage under Imperial’s policy, but were not entitled to penalties and attorney’s fees. This appeal by Imperial followed and the plaintiffs have answered the appeal.
DISCUSSION
The Supreme Court’s recent ruling in Bernard v. Ellis, 2011-2377 (La.07/02/12), 111 So.3d 995, determined the issue raised by Imperial of whether or not the plaintiffs in the present case are entitled to coverage under Imperial’s policy.[1] The only remaining issue to decide is the one raised by the plaintiffs in their answer to Imperial’s appeal. As their sole assignment of error, the plaintiffs argue that the trial eourt erred by refusing to award them penalties and attorney’s fees. Specifically, *34 the plaintiffs claim that the amendment to La. R.S. 22:1282, which took effect in July 2009, strips Imperial of any good faith argument for its refusal to pay. The plaintiffs claim penalties and attorney’s fee under La. R.S. 22:1892(A)(1), which requires an insurer to pay the amount of any claim due an insured within 30 days after receipt of satisfactory proof of loss and that failure to do so, if arbitrary, capricious, and without probable cause subjects the insurer to a penalty as well as attorney’s fees and costs. Additionally, plaintiffs argue that they are entitled to penalties and attorney’s fees pursuant to La. R.S. 22:1973, because Imperial failed to pay the amount due under the policy within 60 days after receipt of satisfactory proof of loss.
 Appellate review of the decision to impose sanctions is under the manifest error/clearly wrong standard of review. Mor-Tem Risk Management Services, Inc. v. Shore, 43,169 (La.App.2d Cir.03/19/08), 978 So.2d 588.
An insurer owes its insured a duty of good faith and fair dealing. As such, an insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. La. R.S. 22:1973(A). Both La. R.S. 22:1892(B)(1) and La. R.S. 22:1973(B)(5) and (C) provide for penalties against an insurer whose failure to pay a claim after receiving satisfactory proof of loss is found to be arbitrary, capricious, or without probable cause. Jones v. Johnson, 45,847 (La.App.2d Cir.12/15/10), 56 So.3d 1016. The primary difference between the two statutory provisions is the time periods allowed for payment. Reed v. State Farm Mut. Auto. Ins. Co., 2003-0107 (La.10/21/03), 857 So.2d 1012. Upon receipt of satisfactory proof of loss, La. R.S. 22:1892 requires payment within 30 days, whereas R.S. 22:1973(B)(5) requires payment within 60 days. Both statutes are penal in nature and must be strictly construed. Id.; Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983).
When there are substantial, reasonable and legitimate questions as to the extent of an insurer’s liability or an insured’s loss, failure to pay within the statutory time period is not arbitrary, capricious, or without probable cause. Louisiana Bag Co., Inc. v. Audubon Indem. Co., 2008-0453 (La.12/02/08), 999 So.2d 1104.
Here, Imperial was not arbitrary, capricious, or without probable cause in failing to pay the plaintiffs’ claim. At the time during which payment would have become due, there existed inconsistent treatment between the Louisiana appeal courts concerning the enforceability of Imperial’s UM policy language. The Supreme Court settled that issue by its decision in Bernard, supra, where it held that permissive passengers of a vehicle are liability insureds and, therefore, statutorily entitled to UM coverage under Imperial’s policy. See La. R.S. 22:1295. Thus, there existed a substantial legal question on the issue and a legitimate reason for Imperial’s denial of the claim.
Additionally, plaintiffs’ assertion that the amended version of La. R.S. 22:1282 strips Imperial of any good faith argument for its failure to extend UM coverage to the plaintiffs is. unfounded. The amendment to La. R.S. 22:1282 took effect after the accident in the Bernard case, but three months before the accident in the present case. Therefore, the Bernard Court did not consider the amended version of La. R.S. 22:1282 in its analysis. Louisiana R.S. 22:1282, which addresses prohibited insurance policy provisions, states in pertinent part:
*35 No motor vehicle liability insurance policy nor any uninsured motorist coverage for bodily injury shall limit the coverage of, or the amount that can be recovered by, the named insured, or the spouse or other family member of the named insured, or express or implied permissive users, for whom the policy provides coverage, to any amount less than the highest policy limit provided in the policy for the respective coverage or potential recovery. (Emphasis added).
The amendment to La. R.S. 22:1282 added the words “or express or implied permissive users.” However, the immediately following language “for whom the policy provides coverage” raised an issue as to whether the plaintiffs under Imperial’s policy would indeed be covered considering Imperial’s policy language specifically narrowing the class of insureds. Had the Supreme Court held that the plaintiffs, as passengers, were not users of the vehicle, then arguably the language of La. R.S. 22:1282 would not have applied, because the plaintiffs would not have been statutorily or contractually entitled to coverage. Therefore, the trial court was not manifestly erroneous in refusing to grant the plaintiffs penalties and attorney’s fees, and the plaintiffs assignment of error is without merit.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of Imperial Fire and Casualty Insurance Company. The costs of this appeal are to be paid by Gabrielle Daniels, Allariet Howard, and Maryta Hullaby.
AFFIRMED.

. At arguments on the matter, Imperial stated that in light of the Bernard decision it had abandoned its argument concerning whether its policy extended UM coverage to the plaintiffs.